

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700     973/645-2700
Newark, NJ 07102

JM/SBM/PL AGR
2011R01369

September 26, 2012

Edward Dauber
Greenberg Dauber Epstein & Tucker
One Gateway Center
Suite 600
Newark, NJ 07102

    Re: <u>Plea Agreement with Chirag Patel</u>

Dear Mr. Dauber:     12-CR-682(CCC)

    This letter sets forth the plea agreement between your client, Chirag Patel, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Chirag Patel to a one-count information which charges a violation of the federal health care program anti-kickback statute, 42 U.S.C. §§ 1320a-7b(b)(2)(A) and 2. If Chirag Patel enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Chirag Patel for paying kickbacks in violation of the federal health care program anti-kickback statute from the time period 2008 through December 2011 relating to referrals made to Orange Community MRI. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Chirag Patel agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Chirag Patel may be commenced against him, notwithstanding the expiration of the limitations period after Chirag Patel signs the agreement.

Sentencing

The violation of 42 U.S.C. §§ 1320a-7b(b)(2)(A) to which Chirag Patel agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Chirag Patel is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Chirag Patel ultimately will receive.

Further, in addition to imposing any other penalty on Chirag Patel, the sentencing judge: (1) will order Chirag Patel to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Chirag Patel to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Chirag Patel, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982 and (5) pursuant to 18 U.S.C. § 3583, may require Chirag Patel to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Chirag Patel be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Chirag Patel may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

Chirag Patel agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982, he will forfeit to the United States $89,180 in United States currency (the

"Forfeitable Property"). Defendant acknowledges that the Forfeitable Property is subject to forfeiture as property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of 42 U.S.C. §§ 1320a-7b(b)(1)(A), which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Chirag Patel shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Chirag Patel enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Chirag Patel fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Chirag Patel consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Chirag Patel by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Chirag Patel's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Chirag Patel agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This

agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Chirag Patel from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Chirag Patel waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Chirag Patel understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Chirag Patel understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Chirag Patel wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Chirag Patel understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Chirag Patel waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Chirag Patel. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Chirag Patel.

No Other Promises

This agreement constitutes the plea agreement between Chirag Patel and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JOSEPH MACK
SCOTT B. MCBRIDE
Assistant U.S. Attorneys

APPROVED:

MAUREEN A. RUANE
Unit Chief, Health Care and Government Fraud

I have received this letter from my attorney, Edward Dauber, Esq. I have read this letter. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 10/16/12
Chirag Patel

   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 10/16/12
Edward Dauber, Esq.

## Plea Agreement With Chirag Patel

### Schedule A

1. This Office and Chirag Patel recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Chirag Patel nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Chirag Patel within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Chirag Patel further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2011 applies in this case. The applicable guideline pursuant to 42 U.S.C. §§ 1320a-7b(b)(2)(A) is U.S.S.G. § 2B4.1. This guideline carries a Base Offense Level of 8.

3. Because the offense involved losses of more than $1,000,000 but not more than $2,500,000, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(I) applies. This Specific Offense Characteristic results in an increase of 16 levels.

4. As of the date of this letter, Chirag Patel has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Chirag Patel's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Chirag Patel has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Chirag Patel enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Chirag Patel's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Chirag Patel will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Chirag Patel is 21 (the "agreed total Guidelines offense level").

7.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 21 is reasonable.

8.  Chirag Patel knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.